UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KOJO KHAYRALLAH,

    Plaintiff,

v.                              Case No. 4:24-cv-213-AW/MJF

JOHN H. RUTHERFORD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kojo Khayrallah, proceeding *pro se* and *in forma pauperis*, commenced this action against Defendant because Defendant allegedly perjured himself during a jury trial. Doc. 1. The undersigned has screened Plaintiff's complaint pursuant to 28 U.S.C. 1915(e). Because Plaintiff failed to state a plausible claim for relief and amendment cannot cure Plaintiff's failure, the District Court should dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. BACKGROUND

Plaintiff filed a single-page "criminal complaint" against Defendant. On July 11, 2018, the State of Florida filed an information

charging Plaintiff with two counts of "Written Threats to Kill or Do Bodily Injury." *Florida v. Khayrallah*, No. 18-CF-6176 (Fla. Cir. Ct.); *see* Doc. 1 at 1 (referring the court to Duval County case 2018-CF-6176). Plaintiff elected to be tried and the jury found Plaintiff guilty of one count of "Written Threats to Kill or Do Bodily Injury." *Florida v. Khayrallah*, No. 18-CF-6176 (Fla. Cir. Ct.). Plaintiff was sentenced to a term of imprisonment to be served in the Florida Department of Corrections.[1] *Id.*

Plaintiff claims that, during the trial, Defendant committed perjury. Doc. 1 at 1. Plaintiff contends that Defendant's conduct violated 18 U.S.C. § 1621, which is a federal criminal statute. *Id.* It is unclear whether Plaintiff is seeking to initiate criminal proceedings against Defendant or simply seeking monetary damages in a civil suit. In either case, the complaint is subject to dismissal for the reasons set forth below.

## II. DISCUSSION

### A.  1915(e)(2) Screening

Because Plaintiff is proceeding *in forma pauperis*, the District Court must review Plaintiff's complaint, identify cognizable claims, and

---

[1] According to the FDC offender website, Plaintiff was released from FDC custody on April 19, 2024.

dismiss the complaint, or any portion thereof, if the complaint "is frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Determining whether a complaint states a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Federal courts accept all well-pleaded factual allegations of the complaint as true and evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

To state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that a

defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

B. **Plaintiff Lacks Standing to Initiate a Criminal Prosecution**

To the extent Plaintiff is seeking to initiate criminal proceedings against Defendant, he cannot do so.

Generally, private individuals lack standing to initiate or prosecute criminal actions. *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("A private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."). Indeed, the decision whether to seek to have a grand jury investigate and indict someone belongs to the executive branch. *See United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) (en banc). That is, it is the officials in the executive branch of government who decide whether a prosecution should be commenced. *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (noting that the

decision as to which crimes and criminals to prosecute is entrusted by the Constitution to the executive branch).

Therefore, to the extent Plaintiff is seeking to initiate a criminal prosecution against Defendant or asks this court to initiate criminal proceedings against Defendant, Plaintiff's claim is frivolous and Plaintiff fails to state a claim upon which relief can be granted.

## C. Civil Liability

To the extent Plaintiff is seeking to pursue a civil action against Defendant and seeks damages, Plaintiff fails to state a claim for at least two reasons.

First, 18 U.S.C. § 1621 is a criminal statute and does not create a private cause of action. *Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *2 (6th Cir. Nov. 15, 2017); *Fuller v. Unknown Offs. from the Just. Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010); *Zajac v. Clark*, No. 2:13-CV-714-FTM-29, 2015 WL 179333, at *8 (M.D. Fla. Jan. 14, 2015); *Hill v. Lee Cnty. Sheriff's Off.,* No. 2:11–cv–242–FtM–29SPC, 2012 WL 4356818, at *4 (M.D. Fla. Sept.24, 2012).

Second, Plaintiff contends that Defendant committed perjury as a witness in a judicial proceeding. A witness in a judicial proceeding is

absolutely immune from civil liability for his testimony. *Briscoe v. LaHue*, 460 U.S. 325, 334–36 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings); *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("The facts that justify absolute immunity for trial witnesses apply with equal force to grand jury witnesses."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("Witnesses are granted absolute immunity for their testimony during trials . . . .") (internal citations omitted).

For these reasons, if Plaintiff's claim was construed as a civil one, Plaintiff has failed to state a claim upon which relief can be granted.

**D.** <u>**Leave to Amend**</u>

Before a court may dismiss a *pro se* plaintiff's complaint with prejudice, a district court generally should offer the plaintiff an opportunity to amend his complaint. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). A district court, however, is not required to grant leave to amend when a more carefully drafted complaint still could not state a claim upon which relief can be granted. *Id.*

In the present case, regarding Defendant's alleged perjury, Plaintiff cannot state a claim upon which relief can be granted regardless of the facts he might allege. Any civil action relating to Defendant's testimony would be barred by absolute immunity. *Rehberg*, 566 U.S. at 367. Therefore, the District Court should dismiss this action without affording Plaintiff leave to amend his complaint.

### III. CONCLUSION

Because Plaintiff failed to state a claim upon which relief can be granted, and because Plaintiff cannot cure this defect by amending his complaint, the District Court should:

1. **DISMISS**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this civil action; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 23rd day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The district court referred this case to the undersigned to address preliminary matters and to make**

**recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**